[Crim. No. 20427. Second Dist., Div. Five. Sept. 13, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
HARVEY LEWIS, JR., Defendant and Appellant.

**COUNSEL**

Jeannette Christy for Defendant and Appellant.

Roger Arnebergh, City Attorney, and Howard Fox, Deputy City Attorney, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—By misdemeanor complaint in two counts filed in the Los Angeles Municipal Court, defendant was charged in count I with violation of Penal Code section 148 (resisting, delaying and obstructing a public officer in the attempted discharge of his duties), and in count II, with violation of Penal Code section 415 (disturbing the peace). Defendant pleaded not guilty and after a jury trial was found guilty as charged. After the filing of a formal probation report, defendant was sentenced on each count to pay a fine, or to serve a specified number of days in county jail. An appeal was taken to the appellate department of the superior court, which affirmed the judgment (People v. Lewis, No. CR A 9645). Defendant then moved in the trial court for a stay of execution on the ground of indigency. After a hearing, the motion was denied and the previously imposed sentence was declared to be in full force and effect. Defendant then appealed to the superior court appellate department from the post judgment order denying relief. He also filed a petition for writ of habeas corpus and posted bond. The appellate department affirmed the order and on its

**1022**

own motion certified the appeal to this court pursuant to rule 63(a) and (c), California Rules of Court, to settle new and important questions of law, and we accepted the transfer.

The questions so presented are:

(1) What constitutes indigency of a defendant under the ruling in *In re Antazo* (1970) 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999] that an indigent defendant cannot constitutionally be imprisoned for nonpayment of a fine?

(2) Where the fact of indigency has been decided by the trial judge, does the appellate court reexamine the question de novo, or do the usual rules for reviewing a trial court's determination of fact apply?

We agree with the conclusions and reasoning set forth in the opinion by Presiding Judge James G. Whyte concurred in by Associate Judges Martin Katz and Delbert E. Wong of the appellate department affirming the judgment; we therefore adopt that opinion here as our own.

█ "*In re Antazo* (1970) 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999] establishes the rule that an indigent defendant cannot constitutionally be imprisoned for nonpayment of a fine. (See also *Williams* v. *Illinois* (1970) 399 U.S. 235 [26 L.Ed.2d 586, 90 S.Ct. 2018]; *Tate* v. *Short* (1971) 401 U.S. 395 [28 L.Ed.2d 130, 91 S.Ct. 668].) In all of these cases, the fact of defendant's indigency was conceded.

"In the case at bench defendant was sentenced (on count I to pay a fine of $450 with an alternative of 45 days in jail, and on count II, to pay a fine of $25 with an alternative of two days in jail) on April 20, 1970. The judgment was affirmed on October 29, 1970 (Cr. A. 9645). No *Antazo* problems were raised on this appeal.

"When the remittitur had been returned and the defendant was called into the trial court to satisfy the judgment, he made a motion to stay the alternative jail sentences on the ground that he was an indigent and therefore came under the *Antazo* rule. The trial court held a hearing and made an express finding 'that the defendant is not an indigent at this time and was not an indigent at the time of sentence on April 20, 1970.' The court then reimposed the original sentence.

"Defendant has again appealed, this time expressly limiting his appeal to that portion of the judgment which held he 'was not an indigent person as defined in *In re Antazo*, 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999].'

"The cases referred to above make it clear that the rule announced, i.e.,

against imprisonment for nonpayment, applies only to indigents. In *Antazo,* the court said, 'We have no doubt that this practice may properly be used to compel payment of fines in proper cases.' (3 Cal.3d 100 at p. 114.) In *Tate* v. *Short, supra,* Justice Brennan, speaking for the court, said, 'We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so.' (401 U.S. 395 at p. 400 [28 L.Ed.2d 130, at p. 134].)

"This leaves for determination two issues. What is indigency as used in *Antazo?* How is the fact of indigency determined? It is not strange that, the basic rule having been so recently established, we find no authoritative answer to either question.

"*Williams* refers to 'any individual who, by definition, is without funds.' (399 U.S. 235 at p. 242 [26 L.Ed.2d at p. 593].) However, the words 'without funds' cannot be taken literally. A man with $500 in his pocket is not without funds, yet if he has no other property or source of income, he is just as unable to pay the second $500 of a $1,000 fine as a man with nothing is unable to pay a total fine of $500.[1]

"In the field of appointment of counsel, we have some discussions of the meaning of indigency. In *Williams* v. *Superior Court* (1964) 226 Cal. App.2d 666, 672 [38 Cal.Rptr. 291], the court quotes with approval from 13 Stanford Law Review (at p. 545): 'The standard applied is flexible, and contemplates consideration of such factors as amount of income, bank accounts, ownership of a home or car, outstanding debts, the number of dependents and the seriousness of the charge.' In *People* v. *Ferry* (1965) 237 Cal.App.2d 880 [47 Cal.Rptr. 324], the same language appears.

■ "While indigency as to payment of a fine involves somewhat different considerations, we can paraphrase these holdings and say: The standard to be applied is a flexible one and contemplates such factors as amount of income, bank accounts, ownership of a home, car, or other property, tangible or intangible, the number of dependents, the cost of sustenance for defendant and his dependents, and the amount of the fine.

---

"[1]In neither case should the presently unpayable portion of the fine be remitted (64 Mich. L.Rev. 938, 944.) 'The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.' (*Williams* v. *Illinois, supra,* p. 595 [26 L.Ed.2d].) The fine became a lien against defendant (Pen. Code, § 1206). Should the defendant later become able to pay, it may be enforced by execution as a civil judgment (Pen. Code, § 1215). In an appropriate case, deferred or installment payments may be enforced (Pen. Code, § 1205).

"Nor do we feel that indigency as to payment of a fine is an all or nothing proposition. Penal Code section 1205 provides that in misdemeanor cases, 'a judgment that the defendant pay a fine may also direct that he pay the fine within a limited time or in installments on specified dates and that in default of payment as therein stipulated he be imprisoned in the discretion of the court either until the defaulted installment is satisfied or until the fine is satisfied in full.'[2]

■ "We hold that for the purpose of applying the rule of *Antazo,* indigency is a fact to be determined like any other fact, and that it may be total or partial and, if partial, may be of indefinite duration or temporary.

■ "We also feel that the original determination of this fact should be for the trial judge. Trial judges are in the best position administratively to determine these matters. (See *Williams* v. *Superior Court, supra,* 226 Cal.App.2d 666 at p. 672; *Morris* v. *Schoonfield* (1969) 301 F.Supp. 158 (vacated on other grounds, 399 U.S. 508 [26 L.Ed.2d 773, 90 S.Ct. 2232]); *State* v. *MacGregor* (1968) 5 Conn. Cir. 298 [250 A.2d 721]; *State* v. *DeJoseph* (1966) 3 Conn. Cir. 624 [222 A.2d 752].) Where a proper hearing has been conducted by the trial judge, if there is any substantial evidence to support his finding, it should be affirmed. This is the usual rule for appellate review and we see no reason for departing therefrom.[3]

■ "Tested by the foregoing rules, we affirm the decision of the trial court. A full hearing on the question of indigency was held. There was evidence that defendant had a job (he testified his income therefrom was approximately $490 per month, but he had previously admitted to his probation officer an income of around $1,000 per month); that he had a car in which there was some equity; that he had a small bank account; that for the last two years, his income tax returns showed an income of a little over $5,000; that he had paid his own bond premiums and attorney's fees in this litigation. While there was evidence of some payment for child support (the children lived with their mother, whose income was nearly

---

"[2]The sociological and penological advantages of delayed and installment payments is ably discussed in *Fines, Imprisonment and the Poor: Thirty Dollars or Thirty Days,* 57 Cal.L.Rev. 778, 816-819.

"[3]We are aware of the cases holding that the 'constitutional fact' of obscenity must be reexamined de novo at all levels, trial and appellate. However, we see no reason for extending this de novo examination of 'constitutional fact' to all facts which may give rise to any claim of constitutional deficiency. While *People* v. *Ferry, supra,* (1965), 237 Cal.App.2d 880 [47 Cal.Rptr. 324] discusses the matter of indigency as applying to right to counsel as if it were for original determination by the appellate court, the question of which court should determine the fact of indigency was not raised. In any event, the entire discussion is dicta because the court determined that defendant had had counsel and by voluntarily releasing him, waived any further right to appointment.

as large as defendant's), and considerable indebtedness, the trial court was not obliged to allow him to prefer his creditors to his obligation to the state for payment of his fine, nor was it required to allow defendant the same standard of living to which he had become accustomed. Under these circumstances, although the trial judge could have allowed installment payments,[4] we cannot say his refusal to do so and his finding of ability to pay the fine was without evidentiary support."

The order is affirmed.

Aiso, J., and Reppy, J., concurred.

---

"[4]Counsel's argument was that defendant 'really cannot afford to pay the entire fine at the present time.' The court was thus alerted to the possibility of deferred or installment payments. We cannot assume that the trial judge was unaware of the provisions of Penal Code section 1205 referred to above. His action can only be viewed as a refusal to adopt such procedure."