[Crim. No. 10475. First Dist., Div. Four. Dec. 26, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ALAN KAY et al., Defendants and Appellants.

## COUNSEL

Dawley, George & Holt, E. A. Dawley, John George, Len W. Holt, Romines, Wolpman, Tooby, Eichner, Sorensen, Constantinides & Cohen and Norton Tooby for Defendants and Appellants.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Jerome C. Utz, Robert R. Granucci and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DEVINE, P. J.**—Appellants Newberry, Lavenberg and Kay pleaded nolo contendere to felony assault and felony battery (attacks on police officers). Various other charges against them were dismissed. All of the charges were related to a sit-in at Stanford University Hospital on April 8 and 9, 1971. Newberry's appeal may be disposed of readily: he was not advised of his *Boykin-Tahl* rights; the Attorney General concedes this, and the judgment of conviction must be reversed. But the charges may be reinstated. (*In re Sutherland,* 6 Cal.3d 666, 671-672 [100 Cal.Rptr. 129, 493 P.2d 857].)

Lavenberg and Kay appeal on the ground that certain conditions attached to their grant of probation are invalid.

The first condition is that of warrantless search. This condition,

with one exception, stated below, is not reasonably related to the crime for which appellants were convicted. Therefore, it cannot stand in its entirety. (*In re Bushman,* 1 Cal.3d 767, 776-777 [83 Cal.Rptr. 375, 463 P.2d 727]; *People* v. *Dominguez,* 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) Appellants, either personally or by assisting others, threatened or struck police officers with sticks or broom handles or steel bars or table legs. None of these objects is a weapon readily concealable on the person. These objects were tools of the particular affray, openly displayed. Lack of search had nothing to do with the offenses—the officers saw the objects all too plainly.

The one exception to which reference is made above is the search of automobiles. If an appellant were to decide that he should engage in another demonstration, he might proceed towards the scene carrying bludgeons in his vehicle. The condition of warrantless search of appellants' vehicles is not unrelated to the offenses committed. The remand referred to below will provide an opportunity for modification if it seem proper; but on appeal, where the trial judge's discretion is to be honored absent abuse, the condition is sustained.

■ The second condition is a prohibition against defendants' demonstrating or participating in any demonstration. The Attorney General concedes that this is too broad, and appellants on their part concede that the oral pronouncement of the condition (as distinguished from the written order) is valid. This pronouncement is that defendants shall not engage "in any kind of demonstration activities that are designed to or likely to produce disruption of the public streets or private or public premises." Although this court could modify the order to agree with the valid oral direction, we prefer, because of the remand which follows, to direct the superior court to make the correction.

■ The third condition is more difficult of decision. It is, as to each of the three appellants (but presently removed as to Newberry, because his conviction must be set aside) that "8. He shall, as a condition of Probation, make Restitution for all losses incurred to the victim as a result of this violation, said Restitution to be payable through the Adult Probation Department, and further, the defendant is to execute a Confession of Judgment when the amount of Restitution has been determined." The total amount of damages to property at Stanford Hospital was later found to be $40,356.97. The judge did not require each appellant to become liable for the whole amount, but did require that each confess judgment for one-fifth of the whole, because five persons had been convicted (although but three

appealed). Thus, Lavenberg and Kay each must confess judgment in the amount of $8,071.37.

The *amount* to which each appellant must confess judgment is not at all related to the particular acts committed by them—assaults. It was not shown that either appellant had damaged any property. There were up to 123 demonstrators; 18 were convicted in the municipal court, but these were not required to pay anything by way of restitution. These are factors for the trial judge to consider on remand. For the cause must be remanded. There was no inquiry as to the ability of appellants to pay, either within the five-year period of probation or at all, but agreement to the condition was exacted, the alternative being a then unknown sentence. (Although the court had mentioned an eight-month jail term, this was as another condition of the as yet unaccepted probation. A straight sentence might have been much heavier, even imprisonment in the state prison.) Appellants were represented by the public defender or by court-appointed counsel, so apparently they had no ability presently to pay.

 An indigent defendant cannot be imprisoned because of his inability to pay a fine, even though the fine be imposed as a condition of probation. (*In re Antazo,* 3 Cal.3d 100, 116 [89 Cal.Rptr. 255, 473 P.2d 999].) The confession of judgment plainly was to be preferred by the pleading defendants to refusal of probation with its ominous eventuality. But to subject a defendant to a judgment which he cannot pay and has no reasonable prospect of paying (and we take it this is likely here, although it is not certain, no inquiry having been made) is of little use to the victim of the crime, and is apt to be either frustrating to a repentant probationer or perversely satisfying to a rebellious one. Nor does the mandate to acknowledge civil liability seem suitable for preventing repetition of the offenses. Deterrence against repetition is to be accomplished rather by condition number two, discussed above.

On remand, the judge will have information about the present resources of appellants and of their prospects. He will take into account the entire situation, including the responsibility of other guilty parties, not only those who were convicted in the municipal court, but also the total number of demonstrators, because apparently it is impossible to determine who among them was responsible for any particular damage to the property. We ought not spell out in more detail our conclusions but rather to leave the matter to the judge's good discretion.

The orders granting probation are reversed and the causes are remanded,

with directions to the trial judge to proceed in accordance with the views expressed in this opinion.

The judgment of conviction of appellant Newberry is reversed, but the reversal shall not be a bar to reinstatement of the charges against him.

Rattigan, J., and Christian, J., concurred.