[Crim. No. 6591. Fifth Dist. Mar. 19, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN ALVAREZ CERVANTES, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Ramon M. de la Guardia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Upon a plea of nolo contendere appellant was convicted of being an accessory after the fact (Pen. Code, § 32).[1] The sentencing court suspended imposition of sentence, placed appellant on formal probation for two years, and as a condition of probation ordered appellant to pay restitution in an amount and manner to be determined by the probation officer.

On appeal from the order granting probation, appellant contends that the condition that appellant pay restitution was improperly imposed because it constituted an unauthorized delegation to the probation officer of the court's discretionary power to determine the propriety and amount of restitution.

FACTS

The facts as summarized in the report of the probation officer, which was read and considered by the trial court before the sentencing hearing, may be briefly summarized.

On May 23, 1982, at about 10 p.m., Ruben Valdivia fired at least two shots into the residence of Maria Vasquez. Two of the shots hit Vasquez in her neck and shoulder. Neighbors gave police officers a description of the vehicle which Valdivia had driven; soon after the shooting officers located the vehicle. Appellant was near the vehicle and was taken into custody. Although neither Vasquez nor any of the witnesses was able to identify appellant as having been present in the car which Valdivia had driven to the Vasquez residence, appellant stated that he had shot Vasquez and demonstrated to the officers how he had held the gun.

Ultimately Ruben Valdivia pled guilty to assault with a deadly weapon; he admitted personally using a firearm. Appellant pled guilty to the charge

---

*Before Hanson (P. D.), Acting P. J., Woolpert, J., and Hamlin, J.

[1] All statutory references are to the Penal Code unless otherwise stated.

of being an accessory after the fact pursuant to a plea bargain in which other counts of attempted murder, assault with a deadly weapon, shooting into an inhabited dwelling, and various enhancement allegations were dismissed.

The probation officer reported that as a result of her injuries, the victim was hospitalized for six days; no amount of medical costs was stated in the probation officer's report. Further, it cost $90 to repair a window in Vasquez' apartment which was damaged during the shooting.

The probation report shows that at the time of the sentencing hearing (Aug. 25, 1982), appellant had been unemployed since May 1982. He received unemployment benefits in the amount of $118 biweekly. Appellant owed $2,900 in medical bills; appellant was reportedly in poor health due to injuries sustained in an automobile accident many years before. Appellant listed no assets in his financial statement.

At the sentencing proceedings held below, appellant's counsel argued that contrary to the recommendation of the probation officer, appellant should not be required to pay restitution to the victim. Counsel argued that such a condition of probation would not serve any rehabilitative purpose because it was not reasonably related to the offense of being an accessory, as opposed to a principal. Further, counsel noted that the amount of medical costs suffered by the victim was unspecified.

Without comment, the court placed appellant on probation on condition that he "pay restitution in an amount and manner to be determined by the Probation Officer."

## ANALYSIS

■ Appellant argues that the court's unlimited delegation to the probation officer of the power to determine the amount and manner of restitution to be made to the victim was improper because unauthorized by statute. Appellant notes that there was no hearing regarding the scope of the injuries for which the court intended appellant to be responsible, and there was no judicial determination of appellant's ability to pay.

We accept appellant's contention. ■ Trial courts are granted broad discretion under Penal Code section 1203.1 to prescribe conditions of probation. (*People v. Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97].) However, this discretion is not boundless; the authority is wholly statutory, and the statute furnishes and limits the measure of authority which the court may exercise. (*People v. Keller* (1978) 76

Cal.App.3d 827, 832 [143 Cal.Rptr. 184].) Section 1203.1,[2] as effective at the time appellant committed his crime and was sentenced, granted the discretion to determine the terms and conditions of probation to the court, not to the probation officer. The language of the statute is clear. Reference to related statutory provisions reinforces the clear import of section 1203.1. Section 1203, subdivision (b) provides that the probation officer shall investigate the circumstances surrounding the crime and the prior history of the defendant and shall report to the court his findings and recommendations regarding the conditions of probation.[3] That section specifically defines the role of the probation officer with respect to restitution: "The probation officer shall also include in his report *for the court's consideration whether the court shall require, as a condition of probation, restitution to the victim* or to the Indemnity Fund if assistance has been granted to the victim pursuant to Article 1 (commencing with Section 13959) of Chapter 5 of Part 4 of Division 3 of Title 2 of the Government Code, *a recommendation thereof, and if so, the amount thereof, and the means and manner of payment.*" (Italics added.)

Section 1203, subdivision (b) likewise clearly contemplates that the matter of the propriety of probation and the conditions thereof shall be determined at a hearing by the court: "The report shall be made available to the court and the prosecuting and defense attorney at least nine days prior to the time fixed by the court *for the hearing and determination of the report,* and shall

---

[2]At the time appellant was sentenced, section 1203.1 provided as follows: "*The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue* for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and *upon such terms and conditions as it shall determine. The court, or judge thereof,* in the order granting probation and as a condition thereof . . . *may provide for reparation in proper cases. . . .*

"*The court shall consider whether the defendant as a condition of probation shall make restitution to the victim* or the Indemnity Fund if assistance has been granted to the victim pursuant to Article 1 (commencing with Section 13959) of Chapter 5 of Part 4 of Division 3 of Title 2 of the Government Code. . . .

" . . . . . . . . . . . . . . . . . . . . . .

"*The court may impose and require any or all of the above-mentioned terms of imprisonment, fine and conditions and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer,* that should the probationer violate any of the terms or conditions imposed by the court in the instant matter, it shall have authority to modify and change any and all such terms and conditions and to reimprison the probationer in the county jail within the limitations of the penalty of the public offense involved. . . ." (Stats. 1981, ch. 727, § 1, pp. 2548-2550.) (Italics added.)

[3]Section 1203, subdivision (b) provides in pertinent part as follows: "The probation officer shall immediately investigate and make a written report to the court of his findings and recommendations, including his recommendations as to the granting or denying of probation and the conditions of probation, if granted."

be filed with the clerk of the court as a record in the case at the time of the hearing. . . . At a time fixed by the court, *the court shall hear and determine the application,* if one has been made, *or, in any case, the suitability of probation in the particular case.* . . ." (Italics added.)

We find no statutory provision sanctioning a delegation of unlimited discretion to a probation officer to determine the propriety, amount, and manner of payment of restitution. Our review of the literature convinces us that these determinations are essentially judicial functions. Imposition of a condition of probation must serve a purpose specified in section 1203.1. (*People* v. *Richards, supra,* 17 Cal.3d at p. 619.) An order for restitution has generally been deemed a deterrent to future criminality (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]) and an effective means of furthering the rehabilitation of the offender (*People* v. *Richards, supra,* 17 Cal.3d at p. 620). However, as our Supreme Court has noted, close questions arise when a court imposes a probationary condition requiring a defendant to pay for losses not actually caused by his criminal conduct; achieving a rehabilitative purpose occurs only when restitution is imposed in a proper case and in an appropriate manner. (See *People* v. *Richards, supra,* 17 Cal.3d at pp. 619-620.) Although in ordering restitution a court is not limited to the transactions or amounts of which a defendant was actually convicted, restitution must relate to past or future criminal conduct. (*People* v. *Lent, supra,* at pp. 486-487.)

Further, it is established that a defendant has a right to present evidence to assist in the determination of his application for probation, and he is entitled to respond to adverse sentencing information. (*People* v. *Arbuckle* (1978) 22 Cal.3d 749, 753 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171].) Likewise, a defendant is entitled to have a court inquire into and to determine his ability to pay restitution, as well as his proper proportionate share of responsibility. (*People* v. *Kay* (1973) 36 Cal.App.3d 759, 762-763 [111 Cal.Rptr. 894, 73 A.L.R.3d 1235].)

We are aware of language in reported cases to the effect that the practice followed in the instant case is permissible. However, these cases antedated the amendment of section 1203 in 1977 (Stats. 1977, ch. 1122, § 4, p. 3599; Stats. 1977, ch. 1123, § 5, p. 3605) which clearly contemplates that although probation officers must make recommendations regarding restitution, the court shall impose any requirement that restitution be made.

Further, a close examination of these cases shows that they do not stand for the proposition that a court may, in a case as close as that presented here, delegate all of the decision-making power to the probation officer. In *People* v. *Williams* (1966) 247 Cal.App.2d 394 [55 Cal.Rptr. 550], in the

course of a lengthy analysis of a condition of restitution, the court noted that the practice of giving a probation officer the authority to determine the amount due and the manner of payment appeared to be well established. (*Id.*, at p. 402.) However, in *Williams* the restitutionary order complained of was set by the court; it specified a specific amount which the defendant had to repay to a third party who was not the victim of the assault of which the defendant had been convicted. (*Id.*, at p. 395.) The question in *Williams* was not whether the court had the authority to give the probation officer the power to determine the amount and manner of payment, but rather whether the court had erred in ordering reparation to a third party for a debt which antedated the criminal conduct and did not in any sense arise from the breach of the law of which the defendant was convicted. (*Id.*, at p. 400.)

The authorities cited in *Williams* do not support the proposition that the probation officer may be given unlimited power to determine restitution. *People* v. *Lippner* (1933) 219 Cal. 395 [26 P.2d 457] involved an order which required the defendant to reimburse investors victimized by the defendant's commission of Corporate Securities Act violations. A review of *Lippner* shows that it is unclear whether or not the court had determined the amount of money and the identity of the victims at a stage of the proceedings preceding the rendition of the order granting probation. Further, the issue of the propriety of delegation to the probation officer was not raised; rather, the case involved a challenge that the order as made did not serve a rehabilitative purpose. (*Id.*, at pp. 398-400.)

*People* v. *Collins* (1966) 242 Cal.App.2d 626 [51 Cal.Rptr. 604], also cited in *Williams, supra,* 247 Cal.App.2d at page 402, involved the question of whether or not an order that the defendant make restitution in such amounts and in such manner as the probation officer should prescribe was void for uncertainty. The issue of the propriety of delegation was not raised; further, the court construed the trial court's order to mean an amount of restitution due under the law, and it expressly noted that the probation officer's supervisory power over payment of restitution was intended to work only to the defendant's benefit. (*People* v. *Collins, supra,* 242 Cal.App.2d at p. 640.) Evidence presented to the trial judge in that case established the amount of money that particular investor-victims had contributed to appellant's schemes.

Likewise, in *People* v. *Mason* (1960) 184 Cal.App.2d 182 [7 Cal.Rptr. 525], also cited in *Williams, supra,* 247 Cal.App.2d 394, the appellate court did not approve delegation of the power to determine the amount of restitution to the probation officer; rather, by way of construction of the trial court's order, the court found that such a delegation had not occurred. (*Id.*, at pp. 187-188.) The trial court had ordered the defendant to make restitu-

tion for all claims (involving violations of the Corporate Securities Act) as directed by the probation officer in the sum of $300 per month. On the basis of the whole record, the appellate court construed the order to mean not an unlimited amount of restitution but rather one for a specific sum to be paid in a minimum monthly amount. The appellate court indulged in the presumption that official duty was regularly performed and concluded that the trial court had in mind a specific sum and had considered the appellant's ability to pay. (*Ibid.*)

Likewise, *People* v. *Marin* (1957) 147 Cal.App.2d 625 [305 P.2d 659] involved a limiting construction of what otherwise might have been interpreted as a delegation of discretion to the probation officer. The trial court had ordered the defendant to make restitution to the victim in a specified sum or in such amount as the probation officer determined. The appellate court construed the order to mean that the stated sum was the maximum amount; that sum could be diminished if the probation officer could be persuaded that less was due. (*Id.*, at p. 627.) Thus, there was no prejudice to the appellant; the order could only work to his benefit. We also note that the appellate court expressly found that the defendant had had a fair hearing below as to the amount of restitution. (*Ibid.*)

Finally, *People* v. *McClean* (1955) 130 Cal.App.2d 439 [279 P.2d 87], also relied upon by the court in *Williams*, does not stand for the proposition that the probation officer may properly determine the amount and manner of restitution. Although the sentencing court had originally ordered the defendant to work out restitution to the satisfaction of the concerned parties, that order was later superseded by one ordering the defendant to pay a specified sum constituting the amount of a civil judgment rendered against the defendant. (*Id.*, at pp. 440-441.) The issue in *McClean* was not the propriety of delegation, but rather whether the trial court had abused its discretion in revoking probation because of evidence of the defendant's inability to pay.

We are also aware of *People* v. *Miller* (1967) 256 Cal.App.2d 348, 352 [64 Cal.Rptr. 20], in which the same court that decided *Williams* reiterated that the practice of giving the probation office the authority to determine the amount of restitution due and the manner of payment had been approved by the appellate courts. However, *Miller* cited only *Lippner, Collins* and *Williams, supra,* 247 Cal.App.2d 394, for this proposition.

These cases do not stand for the proposition that section 1203.1, as effective at the time appellant was sentenced, sanctioned the practice followed in the instant case, and we are aware of no case which does support such a

proposition.[4] ▇ We hold that section 1203.1 did not permit a court to place the matter of restitution within the sole discretion of the probation officer.

The appellant here was convicted of having been an accessory after the fact to the crime committed by Valdivia upon Vasquez. Appellant was entitled to a judicial determination of the propriety of restitution to the victim of the assault, and of the amount, if any, which the appellant must pay in light of his individual culpability and his ability to pay. Thus, the case must be remanded for a hearing and judicial determination of these matters.

Respondent has moved the court to take judicial notice of a letter written to its counsel by a probation officer in the Merced County Probation Department. In that letter the probation officer stated that an intake officer had reviewed appellant's case and had determined that appellant was not responsible for restitution because he was convicted of being an accessory after the fact and did not actively participate in the shooting of the victim. We previously ruled that this motion would be considered as an issue in this appeal. Respondent argues that the court should take judicial notice of the letter and should conclude that appellant's contentions are moot. ▇ However, it is established that if a defendant accepts probation, he may seek relief from the restraint of an allegedly invalid condition of probation on appeal from the order granting probation. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].) As we have determined, the condition of probation regarding restitution is invalid and was imposed in excess of the court's statutory powers. As appellant notes, the order imposing the condition stands unabated and continues as a potential restraint upon appellant's liberty until the probationary period terminates. Appellant is thus entitled to relief. We therefore decline to take judicial notice of the letter, and we conclude that the case is not moot.

The portion of the order granting probation which required appellant to pay restitution in an amount and manner as determined by the probation officer is set aside, and the case is remanded for a judicial determination of the appropriateness, the amount, if any, and the terms of payment of restitution in accordance with the principles stated in this opinion. The judgment is otherwise affirmed.

---

[4]It was held in *People* v. *Hyatt* (1971) 18 Cal.App.3d 618 [96 Cal.Rptr. 156] that a probation officer may set the actual amount of restitution where the court reserves the power of review in its initial order. (*Id.*, at pp. 626-627.) This was not done in the present case.