[No. F004123. Fifth Dist. Feb. 15, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD KENT LONG, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Part II of this opinion is not certified for publication. (See Cal. Rules of Court, rules 976 and 976.1.)

**COUNSEL**

Ronald Kent Long, in pro. per., and Frank Di Sabatino, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Joel Carey, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

HAMLIN, J.—

THE CASE

Defendant was convicted on his guilty plea of committing lewd or lascivious acts upon a child under 14 years old (Pen. Code, § 288, subd. (a)).[2] The victim was the six-year-old daughter of the woman with whom defendant lived.

The trial court sentenced defendant to prison for the median term of six years and ordered him to pay a restitution fine pursuant to Government Code section 13967 in the amount of $1,000. One hundred dollars was to be paid within 30 days of defendant's release from custody, and the balance was to be paid at $50 per month. Defendant appealed.

Defendant contends on appeal that the trial court erred in imposing the restitution fine without considering defendant's ability to pay and in failing to consider mitigating factors in sentencing. We find defendant's contentions unmeritorious and affirm the judgment.

THE FACTS

On January 1, 1984, Ruth B. came home early from work to find defendant, her live-in boyfriend, having sexual intercourse with her six-year-old daughter. Defendant was naked, and the child was only partially clad. The child subsequently told police officers that this had happened numerous times when no one else was home.

DISCUSSION

I. *Did the trial court err in imposing a restitution fine of $1,000 on defendant without considering defendant's ability to pay?*

This appears to be a case of first impression. Incident to its lawmaking power, including defining crimes and punishment, in 1983 the Legislature

---

[2]All statutory references are to the Penal Code unless otherwise stated.

enacted a number of laws which operated to require trial courts to impose a "restitution fine" on persons convicted of any crime. Specifically, Government Code section 13967 now provides: "(a) Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay a restitution fine in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. If the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section.

"(b) The fine imposed pursuant to this section shall be deposited in the Restitution Fund in the State Treasury. Notwithstanding Section 13340, the proceeds in the Restitution Fund are hereby continuously appropriated to the board for the purpose of indemnifying persons filing claims pursuant to this article. However, the funds appropriated pursuant to this section for administrative costs of the State Board of Control shall be subject to annual review through the State Budget process." At the same time Government Code section 13967 was amended, section 1202.4 was added to the Penal Code. That section provides: "(a) In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code. Such restitution fine shall be in addition to any other penalty or *fine* imposed and *shall be ordered regardless of the defendant's present ability to pay.* However, *if* the court finds that there are *compelling and extraordinary reasons, the court may waive imposition* of that portion of the restitution fine which exceeds the prescribed minimum amount. When such a waiver is granted, the court shall state on the record all reasons supporting the waiver.

"(b) Any case in which the defendant is ordered to pay restitution to a victim as a condition of probation, the order to pay the restitution fine may be stayed pending the successful completion of probation, and thereafter the stay shall become permanent.

"(c) Upon the revocation of probation and the imposition of sentence, a court shall, in any case, impose a restitution fine as provided in subdivision (a). Any payments of restitution made pursuant to subdivision (b) shall be offset against the fine imposed pursuant to this subdivision."

Notwithstanding the apparently mandatory language of section 1202.4, subdivision (a), defendant contends that imposition of the $1,000 restitution fine at the time of his sentencing *without consideration of his ability to pay* constituted a denial of due process. Defendant argues that, were the mandatory language of that section to be given full effect, the statute would be unconstitutional. Defendant's arguments are not persuasive.

As defendant points out, prior to the amendment of Government Code section 13967 in 1983, which became effective January 1, 1984, the section was applicable to persons convicted of a crime of violence resulting in injury or death and permitted imposition of a fine of at least $10 and not to exceed $10,000 "if the court finds that the defendant has the present ability to pay a fine and finds that the economic impact of the fine upon the defendant's dependents will not cause such dependents to be dependent on public welfare."[3] The Legislative Counsel's Digest of Assembly Bill No. 1485 (1983-1984 Reg. Sess.), amending Government Code section 13967, states in part: "Under existing law, certain fines imposed on criminal offenders are required to be deposited in the Indemnity Fund for the benefit of crime victims and witnesses. [¶] This bill would revise these provisions so that the Indemnity Fund is renamed the Restitution Fund, and the provisions for the imposition of a fine are recast to require the imposition of a specified restitution fine."

■ The power of the Legislature to condition imposition of a fine upon the defendant's ability to pay and upon consideration of economic hardship flowing to a defendant's family from imposition of the fine does not imply a requirement that it do so. Although such provisions appeared in Government Code section 13967 prior to the amendment here under discussion, no similar provisions regarding ability to pay or family hardship appear in the

---

[3]Prior to its amendment, Government Code section 13967 provided in pertinent part: "(a) Upon a person being convicted of a crime of violence committed in the State of California resulting in the injury or death of another person, if the court finds that the defendant has the present ability to pay a fine and finds that the economic impact of the fine upon the defendant's dependents will not cause such dependents to be dependent on public welfare the court shall, in addition to any other penalty, order the defendant to pay a fine commensurate with the offense committed, and with the probable economic impact upon the victim, of at least ten dollars ($10), but not to exceed ten thousand dollars ($10,000).

". . . . . . . . . . . . . . . . . . . . . . . ."

majority of Penal Code sections which impose a fine as punishment for a public offense, whether or not such fine is imposed in conjunction with a period of incarceration. (See, e.g., § 237, concerning punishment for false imprisonment, and § 241, concerning the punishment for assault.)

Moreover, the courts have recognized the power of the Legislature to impose fines or other penalty assessments in addition to those directly imposed by a penal statute. For example, in *Hensley* v. *Peace Officers Training Fund* (1972) 22 Cal.App.3d 933 [99 Cal.Rptr. 728], certain persons convicted of misdemeanor violations of the Education and Penal Codes challenged the constitutionality of former section 13521, which provided for an assessment of $5 for every $20 of fine imposed and further provided that the moneys so collected were to be deposited in the Peace Officers Training Fund. In denying this challenge, the court stated in part: " 'The provisions of the Constitution requiring all laws of a general nature to have uniform operation, prohibiting the granting of special privileges and immunities, prohibiting the enactment of special laws in particular cases, do not prevent classification by the Legislature or require that statutes operate uniformly with respect to persons who are in fact different. [Citation.] A statute meets the constitutional requirements if it relates to and operates uniformly on the whole of a single class properly selected. [Citations.] A law which subjects to equal burdens persons similarly situated with respect to that law is an equal law. [Citation.]

" ' 'A law is general when it applies equally to all persons embraced in a class founded on some natural, intrinsic, or constitutional distinction. It is special if it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right on a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law. [Citation.] The prohibition against special legislation does not preclude classification, but only requires that the classification be reasonable. . . .

" ' 'A legislative determination as to what is a sufficient distinction to warrant a classification will not be overthrown unless it is palpably arbitrary. [Citation.] It must be clear beyond reasonable doubt that no sound reason for the classification exists. . . .

" ' 'The generality of a statute does not depend on the number within or without the class it purports to affect, as plaintiff argues. [Citation.]

" 'The Legislature may classify on the basis of the nature of the circumstances attending the commission of an offense considered in its relation to the public welfare. [Citations.] Another permissible basis of classification is the status of the offender. [Citation.] The Legislature has constitutional power to fix different penalties for different crimes, the penalty in each case measured by the nature of the crime and its effects on society. [Citations.]' [Citation omitted.]" (*Id.*, at pp. 938-939.) The court deemed this discussion to be equally dispositive on the objection by persons subjected to the penalty assessment that the total fine thus imposed exceeded the maximum amount authorized by law. (See also *People* v. *Watson* (1971) 15 Cal.App.3d 28, 45-46 [92 Cal.Rptr. 860].)

We conclude from *Hensley* v. *Peace Officers Training Fund, supra,* 22 Cal.App.3d 933, that the Legislature could constitutionally amend Government Code section 13967 to broaden the classification of persons subjected to its provisions from a class comprised of those convicted of violent crimes resulting in injury or death to a class consisting of persons convicted of any felony. Moreover, the Legislature could increase the amounts of the fines imposed as well as reclassify the nature of the fines to "restitution fines" and designate their use for a particular public purpose, i.e., the restitution fund.

■ Defendant's more particularized argument, i.e., failure to consider his ability to pay the restitution fine deprived him of due process of law, is equally without merit since it fails to consider several safeguards enacted at the time Government Code section 13967 was amended. These safeguards vitiate many of the objections raised by defendant to imposition of the restitution fine.

Initially, it must be kept in mind that the fine imposed by Government Code section 13967, although denominated a "restitution" fine, is not restitution made directly to the victim of the offense but is a fine imposed by law. ■ When straight restitution to the victim is ordered as a condition of probation, it is now well settled that defendant is entitled to a hearing on his ability to pay such restitution. (See, e.g., this court's opinion in *People* v. *Cervantes* (1984) 154 Cal.App.3d 353, 361 [201 Cal.Rptr. 187]; *People* v. *Kay* (1973) 36 Cal.App.3d 759, 763 [111 Cal.Rptr. 894, 73 A.L.R.3d 1235].) The reason for requiring such hearing on ability to pay is obvious: when restitution to the victim is imposed as a condition of probation, failure to make restitution as ordered by the court is a violation of probation which can result in the incarceration of a defendant. As pointed out by the court in *People* v. *Kay,* "[a]n indigent defendant cannot be imprisoned because

of his inability to pay a fine, even though the fine be imposed as a condition of probation." (*Id.*, at p. 763. See also *In re Antazo* (1970) 3 Cal.3d 100, 116-117 [89 Cal.Rptr. 255, 473 P.2d 999].)

The Supreme Court in *In re Antazo, supra,* discussed in detail the constitutional infirmity in the traditional "$30 or 30 days" sentence. A defendant who could pay the $30 fine served no time in custody while a defendant who was unable to pay was incarcerated solely because of his indigency, a clear violation of the equal protection law. A similar rationale applies to restitution ordered to be paid directly to the victim as a condition of probation. When ability to pay is not taken into consideration, a restitution order made to a wealthy defendant permits that defendant to escape incarceration upon payment of money, a condition well within his means to comply. On the other hand, a similar condition imposed on a defendant who lacked financial ability to comply and thus was inevitably forced to "violate" probation would result in incarceration because of indigency and thus run afoul of the equal protection clause.

In none of these cases, however, did the court question the use of imprisonment as an alternative to payment of a fine when a defendant has the means to pay a fine and refuses or neglects to do so. As the court stated in *In re Antazo, supra,* 3 Cal.3d at page 114, "[p]roper use of imprisonment as a coercive mechanism presupposes an ability to pay and a contumacious offender." (See also *People* v. *Lewis* (1971) 19 Cal.App.3d 1019, 1022-1023 [97 Cal.Rptr. 419].)

■ However, the constitutional infirmity which necessitates consideration of a defendant's ability to pay restitution or a fine when failure to do so will result in imprisonment is inapplicable *by statute* to fines imposed pursuant to Government Code section 13967. Section 1205.5, added to the Penal Code as part of the package of legislation which amended Government Code section 13967, provides, "The provisions of Section 1205 [providing for imprisonment until a fine has been satisfied] shall not apply to restitution fines ordered in felony cases." Government Code section 13967.5 makes clear that unpaid amounts of the restitution fine shall be deemed a debt owing to the state; section 1214, subdivision (a), provides, "If the judgment is for a fine with or without imprisonment, the judgment may be enforced in the manner provided for the enforcement of money judgments generally." (See generally, Code Civ. Proc., § 695.010 et seq.; see also *In re Fishman* (1952) 109 Cal.App.2d 632 [241 P.2d 605].)

Finally, with respect to the existing related statutory framework, section 1214, subdivision (b), which was amended by the general statutory scheme

amending Government Code section 13967, provides that the 10-year statute of limitations on enforcement of judgments generally does not apply to a judgment for a restitution fine ordered pursuant to section 13967 of the Government Code. Offsetting this disadvantage is Government Code section 13967.5, which makes clear that any amounts actually paid by the defendant in restitution to a victim of the crime shall be deducted from the amount of the restitution fine imposed.

Defendant cites several statutes in support of his contention that failure to consider his ability to make payment constitutes a deprivation of due process. However, those statutes relied upon by defendant, including sections 987.8 (involving ability to repay costs of counsel), 1203.1c (reimbursement for costs of incarceration), and 1209 (payment of the administrative costs incurred in permitting an incarcerated defendant to maintain his regular job) all involve the recoupment by the state of costs incurred on behalf of or advanced to a criminal defendant. These costs are different in kind than fines imposed as a direct penal consequence of the crime itself. Thus statutes concerning recoupment of costs which require consideration of a defendant's ability to pay are not dispositive on whether such consideration is required in the imposition of a fine. As stated above, consideration of a defendant's ability to pay a fine is clearly not a prerequisite to imposition of the fine.

Moreover, and of peculiar significance in defendant's case, is the trial court's order that the restitution fine shall not be payable until defendant's release from prison. Thus defendant's reference to section 2085.5, permitting retention of 20 percent of prison wages to be applied to payment of an outstanding restitution fine, is inapplicable to defendant in this case since the restitution fine is not presently owing. Similarly, there is nothing in the laws as discussed herein to suggest that the parole board, at the time of defendant's release, would be obligated or inclined to condition his parole upon payment of the restitution fine. The restitution fine has already been imposed as part of a court order, and the mechanisms for collection are statutorily in place.

Assuming that after his release from prison defendant lacks the financial ability to pay the $100 due 30 days after that release, or to make the $50 monthly payments thereafter, defendant will suffer no further incarceration based on this inability to pay. The only detriment defendant will suffer is a possible execution against whatever nonexempt assets he may have to satisfy his delinquent indebtedness to the state. In this respect, defendant does not differ from numerous persons so indebted. Therefore, there is no constitutional infirmity in the imposition by the trial court of a $1,000 restitution fine on defendant.

II. *Did the trial court err in sentencing defendant to the median term by failing to consider factors in mitigation?*\*

. . . . . . . . . . . . . . . . . . . . . . . . .

Judgment is affirmed.

Hanson (P. D.), Acting P. J., and Best, J., concurred.

---

\*See footnote 1, *ante*.