Filed 8/11/16  P. v. Henley CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>MELVIN NOEL HENLEY,<br><br>          Defendant and Appellant. | A144664<br><br>(Marin County<br>Super. Ct. No. SC174944A) |

Defendant and appellant Melvin Noel Henley appeals from an order denying his Proposition 47 petition to recall his sentence in his felony conviction for receipt of stolen property.  (Pen. Code,[1] §§ 1170.18, subd. (b); 496, subd. (a).)  Finding no error, we affirm.  Our affirmance, however, is without prejudice to defendant's ability to file a new petition with evidentiary support for the facts he must prove to be entitled to relief under Proposition 47—which, in this case, required defendant to establish that the value of the stolen property did not exceed $950.

## I. BACKGROUND

After being charged with multiple offenses, defendant pled guilty to one count of receiving stolen property—a laptop computer—in violation of section 496, subdivision (a), and admitted a prior prison term allegation.  The trial court sentenced him to three years in prison.  Inasmuch as the property had been returned to the victim, the trial court

---

[1]     Unless otherwise specified, all statutory references are to the Penal Code.

1

determined that defendant was not required to pay victim restitution as part of his felony sentence.

In December 2014, defendant filed a petition for resentencing under Proposition 47. He used a form petition to which he attached no evidence regarding the value of the laptop computer.

At the first hearing on the petition, held on January 7, 2015, the trial court appointed the Public Defender to represent defendant on the resentencing petition. At the second hearing on the petition, held on January 14, 2015, defense counsel requested a hearing to determine the value of the stolen laptop computer.

On January 30, 2015, the People filed an opposition to defendant's petition for resentencing on the ground that the value of the stolen property "well exceeds the $950 threshold amount." The People's opposition advised the court that: "Defendant was provided with San Anselmo Police Department report number SA11-00213 and internet research regarding the value of the stolen MacBook laptop. The report . . . indicates the value of the laptop to be $2,000. Internet research for Apple MacBook laptop values in 2011 indicate a price range from $1,100 to nearly $1,500. These items will be provided to the court at the hearing on this matter." The People further argued that at that hearing, defendant had the burden of providing by a preponderance of the evidence that the value of the property was under $950.

At the third hearing on the petition, held on February 2, 2015, defendant requested a continuance, which was granted by the court.

At the fourth hearing on the petition, held on February 3, 2015, the court and counsel discussed the value of the laptop and the issue of restitution. Although the reporter's transcript for the hearing is not included in the record on appeal, the minute order reflects that the court heard argument and ruled that defendant had the burden of proof to establish his entitlement to the relief requested.

At the fifth hearing on the petition, held on March 18, 2015, the court reiterated that defendant had the burden of establishing the value of the property was $950 or less. The court also noted that defense counsel had requested "some time to look into that."

2

Defense counsel replied, "Yes. It is our position that the record of conviction is what is used to determine the value and in this case the restitution order was zero, and there was nothing in the Complaint or the change of plea form or on the record to suggest that this property was over $950."

The prosecutor argued that the amount of restitution was not indicative of the property's value. In response, defense counsel argued as follows: "[DEFENSE COUNSEL]: I would like to point out, your Honor, that this -- from what I know in this case, it was a 2006 laptop and the case occurred in 2011. So it was a five-year-old laptop. The research that I have been able to do about -- [¶] THE COURT: This is the part I thought we put it over for. So you have more? [¶] [DEFENSE COUNSEL]: Well, it is my position that it is the record of conviction. So I am going beyond the record of conviction. What we were able to find out is that a five-year-old laptop or at least right now 2006 laptops are going for between $187 to $300. At the time of this case this laptop was five years old. So I don't -- to replace a MacBook -- you know, I believe they are about $1100. I think it is not unreasonable to conclude that a five-year-old laptop is worth less than $950."

The prosecutor countered : "The standard is preponderance and the evidence has to be competent. That was clearly hearsay probably of several layers." The prosecutor added that the value of the laptop was the "inherent value; the closest value of which is going to be retail value." Defense counsel then asserted, "So if the hearsay evidence that I presented is not competent, then we fall back on to the record of conviction. There is nothing in the record of conviction that suggests this property exceeded $950. And based on that, that ambiguity should be viewed in favor of the defendant and he should receive the benefit of this law change."

In denying the motion, the trial court ruled, "I don't think the defendant has met his burden of proving that the value of the property at issue was $950 or less with competent evidence. The only competent evidence that's been presented is the fact that at sentencing . . . the Court didn't have enough information in front of it to set a restitution number. [¶] The Court was not, I don't believe, saying that the value of the

3

property was zero. Of course, that wouldn't make any sense. Then the Court also retained jurisdiction for restitution purposes, which clearly leads to the inference that restitution, value, loss, things like that had yet to be determined at that point, which is obviously we all know a common occurrence. That is not a compelling number for the Court to look at and rely on as evidence of value. So the motion is denied."

The instant appeal followed.

## II. DISCUSSION

Defendant argues that the trial court erroneously denied his Proposition 47 petition and that the manner in which it made this determination violated his rights to due to process and equal protection under the state and federal constitutions. Specifically, defendant claims he had no opportunity to establish his eligibility for Proposition 47 resentencing because the record of conviction was silent as to the value of the stolen property. He further asserts that the hearing procedure had the effect of dividing Proposition 47 petitioners into two disparate groups—those whose offenses are defined by the record of conviction and those whose offenses are not so defined—without a rational basis. As we shall explain, defendant's arguments are premised on a mistaken assumption that he was limited to the record of conviction in determining eligibility for under Proposition 47.

Proposition 47 added section 1170.18 to the Penal Code. Subdivision (a) of that statute reads: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

To determine whether defendant "would have been guilty of a misdemeanor under [this] act . . . had this act been in effect at the time of the offense" (§ 1170.18, subd. (a)), we look to the terms of the statute under which defendant was convicted. Subdivision (a)

4

of section 496 indicates that the crime that subdivision describes is ordinarily a "wobbler," or one that is, "in the discretion of the court, punishable as either a felony or a misdemeanor." (*People v. Park* (2013) 56 Cal.4th 782, 789.)

"At the time of defendant's conviction, the prosecution was permitted to plead and prove receipt of stolen property as a felony regardless the value of the stolen property. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308) As amended by Proposition 47, section 496, subdivision (a) now specifies that 'if the value of the [stolen] property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year.' Thus, defendant would be eligible for resentencing if the value of the stolen property that was the basis of his conviction under section 496, subdivision (a) did not exceed $950. (See *People v. Shabazz, supra,* at p. 308.)" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*). Italics omitted.)

"The statute itself is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing." (*Perkins, supra,* 237 Cal.App.4th at p. 136.) Since the time of defendant's petition, several cases have interpreted section 1170.18 and each has placed the initial burden of establishing eligibility for resentencing under Proposition 47 on the petitioner. (See, e.g., *People v. Bush* (2016) 245 Cal.App.4th 992, 1007; *Perkins, supra,* 244 Cal.App.4th at p. 136; *People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).) That burden entails "set[ting] out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citations.] The defendant must attach information or evidence necessary to enable the court to determine eligibility." (*Perkins,* at pp. 136-137.) That information could include at least the petitioner's "testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow, supra,* 239 Cal.App.4th at p. 880.)

At least one court has held the trial court is not limited to the record of conviction in determining eligibility or ineligibility under Proposition 47. (See *Perkins, supra,* 244 Cal.App.4th at p. 140, fn. 5 ["[O]ffenders may submit extra-record evidence probative of the value when they file their petitions for resentencing."].) *Sherow* also suggested as much when it noted a petitioner could submit his or her own testimony with the petition to establish the value of the property involved in the offense was less than $950. (*Sherow, supra,* 239 Cal.App.4th at p. 880.)

Section 1170.18 does not limit the parties or the trial court to the record of conviction in determining a defendant's eligibility for resentencing. To the contrary, it seems to contemplate the use of extra-record evidence by providing relief to defendants "who would have been guilty of a misdemeanor" had Proposition 47 been in effect at the time of their offense. Moreover, before Proposition 47, the district attorney had discretion to charge the offense of receiving stolen property as misdemeanor if the value of the property involved did not exceed $950; now the district attorney must charge the crime as a misdemeanor if the value of the property does not exceed $950. (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016) p. 30.) Here, the district attorney opted to charge defendant with a felony, so value was not an issue. (*Perkins, supra,* 244 Cal.App.4th at p. 136.) This would be true for most theft and similar offenses reduced by Proposition 47, so in most cases the record of conviction will not contain any evidence of value of the property involved. Given that courts have placed the burden on petitioner to show eligibility for reduction under Proposition 47, most petitioners would be excluded from relief if they were limited to the record of conviction in establishing eligibility.

Defendant relies on cases that have limited review to the record of conviction in considering various forms of relief for criminal defendants. None of these cases arose under Proposition 47; these cases are also distinguishable because none involved an enactment that added *elements* to an offense beyond what the prosecution had to plead and prove at the time of conviction. For example, in *People v. Guerrero* (1988) 44 Cal.3d 343, our Supreme Court held trial courts may look to the "entire record of the

6

conviction" in determining whether a prior conviction was a serious felony for the purpose of a sentencing enhancement pursuant to section 667.  (*Guerrero,* at p. 355.) Similarly, in *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford* ), a Proposition 36 case, the court analogized to *Guerrero* and held trial courts were limited to the record of conviction in determining whether a petitioner was ineligible for relief under the Three Strikes Reform Act.  (*Bradford,* at 1338-1340.)  Without suggesting what documents comprise the record of conviction,[2] the *Bradford* court described the required evidence as "acts attendant to commission of the actual offense."  (*Bradford, supra,* 227 Cal.App.4th at p. 1332.)

Perkins distinguished *Bradford* because Proposition 47 is fundamentally different than the Three Strikes Reform Act.  As *Perkins* succinctly explained: "[E]ligibility for resentencing under [the Three Strikes Reform Act] turns on the nature of the petitioner's convictions—whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain other defined offenses.  (§ 1170.126, subd. (e).)  By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property. In most such cases, the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value.  For that reason, and because petitioner bears the burden on the issue [citation], we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases."  (*Perkins, supra,* 244 Cal.App.4th at p. 140, fn. 5.)

Here, at the hearing on his Proposition 47 petition, defendant did not present any evidence regarding the value of the laptop.  Rather, it was his position that the record of

---

[2]     The parties have not cited, and our own research has not disclosed, any authority that explicitly lists or describes the documents that comprise the record of conviction. That said, we are guided by our high court's explanation that a " 'record of conviction' " consists of documents in the record that reliably " 'reflect[ ] the facts of the offense for which the defendant was convicted' " and appears to be limited to proceedings at and before the adjudication of guilt, whether by plea or verdict.  (*People v. Trujillo* (2006) 40 Cal.4th 165, 177, 179.)

conviction was the sole source of competent evidence and, based on this evidence, the value of the laptop had to be less than $950 because restitution was set at zero.

As we have explained, defendant was not limited to the record of conviction to establish his eligibility for resentencing. Moreover, defendant's argument conflates the amount of the victim's loss with the inherent value of the property. Restitution represents a victim's economic loss. (See *People v. Baker* (2005) 126 Cal.App.4th 463, 468.) In the case of stolen property, if the property has been returned in an undamaged condition and, if the victim has not sustained any economic loss from the temporary dispossession of the property, it stands to reason that the victim's loss would be de minimus. (See *People v. Rivera* (1989) 212 Cal.App.3d 1153, 1163.) The fact that the victim had suffered no economic loss, however, does not mean that property had no value. Accordingly, the absence of a restitution award implies only that the victim's loss was de minimus, not that the value of the stolen property was less than $950.

Defendant did not meet his burden of establishing eligibility for Proposition 47 relief. Our affirmance of the trial court's order does not prejudice defendant's ability to file a new petition containing supporting evidence on the value of the stolen property.[3] When defendant filed his petition, the issue of which party bears the burden of proof on a Proposition 47 resentencing petition was "unsettled[,]" as was the scope of the trial court's eligibility analysis. (See *Perkins, supra,* 244 Cal.App.4th at p. 140; see also *Sherow, supra,* 239 Cal.App.4th at p. 881 [affirming order denying resentencing petition without prejudice to submission of new petition].) If defendant files a new petition, he "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief." (*Perkins, supra,* at p. 140, fn. omitted.)

---

[3] In light of this holding, it is unnecessary to address defendant's constitutional claims.

## III. DISPOSITION

We affirm the order denying defendant's petition for resentencing of his conviction for receipt of stolen property without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility for Proposition 47 relief.

_____

Reardon, J.

We concur:

_____

Ruvolo, P.J.

_____

Streeter, J.