Filed 8/18/16  P. v. Espinoza CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068874 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF35089) |
| ARTHUR ESPINOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed as modified and remanded with directions.

Boyce & Schaefer and Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore M. Cropley and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal Arthur Espinoza challenges one of the conditions of his probation—condition No. 2, which requires him to "participate in a

counseling/educational program as directed by the probation officer"─claiming it is unconstitutionally overbroad and an improper delegation of judicial authority to his probation officer.

The relevant proceedings in this case commenced when the Imperial County District Attorney filed a two-count information charging Espinoza with the felony offense of making a criminal threat (count 1: Pen. Code,[1] § 422, subd. (a)) and the misdemeanor offense of disobeying a domestic relations court order (count 2: § 273.6, subd. (a)). The information was amended to add a felony charge of false imprisonment (count 3: § 236).

Pursuant to a plea agreement, Espinoza pleaded no contest to the false imprisonment charge, and the court dismissed counts 1 and 2, as well as three other cases not at issue in this appeal. The parties agreed that in exchange for his plea, Espinoza would be placed on three years' formal probation with credit for time served.

At the probation and sentencing hearing in mid-September 2015, pursuant to the plea agreement, the court suspended imposition of sentence and placed Espinoza on three years' formal probation. The probation officer's report, which Espinoza had reviewed with his counsel, indicated that the probation officer was recommending imposition of several "drug/alcohol terms," including a "drug/alcohol course," that were listed in the "RECOMMENDATION" section of the probation report.

---

[1] All further statutory references are to the Penal Code.

The court followed the probation officer's recommendations and ordered that Espinoza's grant of probation was subject to numerous specified terms and conditions. Although the court did not explicitly order Espinoza to participate in a "drug/alcohol course," as the probation report recommended, it imposed as condition No. 2 the requirement that Espinoza "[p]articipate in a counseling/educational program as directed by the probation officer."[2]

On appeal Espinoza challenges the court's imposition of condition No. 2, asserting it "improperly delegates judicial power to the probation officer" and it is "unconstitutionally overbroad." He also asserts this condition "must be stricken, or the case remanded with instructions to limit the type of program to specific categories related to [his] rehabilitation or crime of conviction."

We reject these contentions. However, because the record clearly shows the court intended the term "counseling/educational program" in condition No. 2 to be a "drug/alcohol course," as the probation report recommended, we modify condition No. 2 to reflect the court's intent, affirm the judgment in all other respects, and remand the case to the superior court with directions.

---

[2]     Condition No. 2 of Espinoza's probation states in full:  "Defendant shall *participate in* [*a*] *counseling/educational program as directed by the probation officer*, and not terminate said participation without the mutual consent of the probation officer and the program director."  (Italics added.)

FACTUAL BACKGROUND[3]

At around 9:00 a.m. on June 6, 2015, Brawley Police Department Officer Jeremy Schaffer responded to a call about a violation of a court order at an apartment complex. When Officer Schaffer arrived at the complex, he saw Espinoza attempting to hide behind a parked van. The reporting party, Arlene Garcia, who was scared and visibly shaken, told Officer Schaffer that Espinoza had called her approximately 10 times and eventually showed up at her apartment to gather his belongings. Garcia had previously obtained a no-contact restraining order against Espinoza for her protection. Garcia told Officer Schaffer that after Espinoza entered her apartment, he approached her, raised his right hand in a fist, and told her, "I'm going to kick your ass."

DISCUSSION

Espinoza contends condition No. 2 "improperly delegates judicial power to the probation officer" and it is "unconstitutionally overbroad." We reject these contentions.

A. *Background*

In the probation report, the probation officer recommended that Espinoza be placed in both an anger management course and a "drug/alcohol course." (CT 39.) Specifically, the probation report stated:

> "This officer will be recommending drug/alcohol terms. The defendant drinks on a weekly basis and a *drug/alcohol course* can assist him [in] abstain[ing] from alcohol use. The undersigned will recommend he partake and complete a *drug/alcohol course* and that he be randomly drug tested to determine his sobriety. Furthermore,

---

[3]    At the change of plea hearing, the parties stipulated that the preliminary hearing transcript would serve as the factual basis for Espinoza's plea of no contest to count 3.

domestic violence terms, which include an *anger management* [*course*], will also be recommended to help modify the defendant's behavior issues." (Italics added.)

The probation report recommended, as conditions of probation, that Espinoza "[*p*]*articipate in a counseling/educational program as directed by the probation officer*, and not terminate said participation without the mutual consent of the probation officer and the program director." (Italics added.) The probation report also recommended that Espinoza "[p]articipate in a 52 week certified anger management counseling/educational program as directed by the probation officer, and not terminate said participation without the mutual consent of the probation officer and the program director."

At the probation and sentencing hearing, Espinoza's trial counsel indicated he received a copy of the probation report and reviewed it with Espinoza. Although defense counsel objected to the proposed conditions of probation that Espinoza totally abstain from the use and possession of alcoholic beverages, even in his own home, neither he nor Espinoza objected to the probation officer's recommendation that Espinoza be ordered to enroll in a drug and alcohol treatment program.

The court followed the probation officer's recommendation but ordered Espinoza in condition No. 2 to participate in a "counseling/educational program"—not a "drug/alcohol course"—as directed by the probation officer.

B. *Applicable Legal Principles*

A trial court has broad discretion under section 1203.1 in selecting the conditions of a defendant's probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "[T]he Legislature has empowered the court, in making a probation determination, to

5

impose any 'reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.'" (*Ibid.*, quoting § 1203.1, subd. (j).)

However, this statutory discretion "is not boundless." (*People v. Cervantes* (1984) 154 Cal.App.3d 353, 356 (*Cervantes*).) Section 1203.1 "grant[s] the discretion to determine the terms and conditions of probation to the court, not to the probation officer." (*Cervantes,* at p. 357.) Thus, a sentencing court may not delegate its statutory authority to the probation officer. (*Ibid.*; see *People v. Penoli* (1996) 46 Cal.App.4th 298, 307 (*Penoli*) [citing cases finding excessive delegations of authority to probation officers].)

Although challenges to the constitutionality of probation conditions on the grounds of vagueness and overbreadth are frequently made together, the concepts are distinct. "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*); see U.S. Const, 5th & 14th Amends.; Cal. Const., art. I, § 7.) A probation condition is unconstitutionally vague if it is not "'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated.'" (*Sheena K.*, at p. 890.) "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.'" (*Olguin*, *supra*, 45 Cal.4th at p. 382.) Also, the probation condition should be evaluated in its context, and only reasonable specificity is required. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez*).)

6

In contrast, a probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; *In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights─bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

In an appropriate case, a probation condition that is not "'sufficiently narrowly drawn'" may be modified and affirmed as modified. (*Lopez*, *supra*, 66 Cal.App.4th at p. 629; see *In re E.O.*, *supra*, 188 Cal.App.4th at p. 1158.)

On appeal we independently review constitutional challenges to a probation condition. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

C. *Analysis*

Espinoza contends condition No. 2 is "invalid" because it "leaves the probation officer unfettered discretion to compel [his] participation in any type of 'counseling/educational' program whatsoever, effectively delegating the authority to determine probation conditions to the probation officer." Espinoza also contends condition No. 2 is "unconstitutionally overbroad" because it gives the probation officer "unlimited authority" to require him to participate in "any type of program, [including]

7

programs unrelated to [his] crime of conviction or future criminality, and [programs] which may infringe on [his] constitutional rights."

The Attorney General responds that "there was no improper delegation of authority permitting the probation officer to enroll [Espinoza] in a treatment program" because "[t]he parties and the trial court were aware that the probation officer recommended that [Espinoza] be placed in a 'drug/alcohol course' in the probation officer's report," and Espinoza "reviewed the report with his attorney" but he "did not object to that recommendation."

The Attorney General also claims condition No. 2 is not unconstitutionally overbroad or vague, asserting that because the probation report "stated that [Espinoza] drinks on a weekly basis and it also noted that he drank on the date of his arrest," the probation officer's "recommendation that [Espinoza] be enrolled in a 'drug/alcohol course' was carefully tailored to correct his alcohol problem, which likely contributed to his criminal conduct."

However, the Attorney General also asserts that, if this court determines condition No. 2 is vague because it "[does] not explicitly incorporate the probation officer's recommendation that the 'counseling/educational program' . . . constitute[s] a 'drug/alcohol course'" . . . , she "does not oppose the amendment of the probation condition to reflect that [Espinoza] is required to enroll in a drug or alcohol course that the probation officer determines is appropriate."

We reject Espinoza's contentions that condition No. 2 improperly delegates judicial power to the probation officer and that it is unconstitutionally overbroad. The

8

record clearly shows the court intended the "counseling/educational program" specified in condition No. 2 to be a "drug/alcohol course," as the probation officer recommended. As noted, the probation report stated the probation officer was "recommending drug/alcohol terms" and noted that Espinoza "drinks on a weekly basis and a *drug/alcohol course* can assist him [in] abstain[ing] from alcohol use." (Italics added.) The report also informed the court that the probation officer was "recommend[ing Espinoza] partake and complete a *drug/alcohol course*." (Italics added.) At the probation and sentencing hearing, Espinoza's trial counsel indicated he had reviewed the probation report with Espinoza, And neither he nor Espinoza objected to the probation officer's recommendation that Espinoza be ordered to enroll in a drug and alcohol treatment program. The court indicated that the victim in this case had referred to Espinoza's drinking problem when she spoke to the probation officer. The portion of the probation report to which the court referred states that the victim told the probation officer that Espinoza "needs counseling for his alcoholism."

The court followed the other "drug/alcohol terms" recommended by the probation officer by ordering Espinoza to (1) "abstain from the possession or use of any drugs, narcotics, or other illicit substances not specifically, prescribed for him by a licensed physician"; (2) "totally abstain from the use of alcoholic beverages"; (3) "submit to alcohol/drug testing upon the request of the probation officer or any law enforcement officer; and (4) "totally abstain from the use or possession of alcoholic beverages, even in his own home." Espinoza does not challenge these conditions of his probation.

9

The foregoing record clearly shows the court intended that the "counseling/educational program" specified in condition No. 2 be a "drug/alcohol course" as the probation officer recommended.  However, the language used by the court in condition No. 2—"counseling/educational program"—does not reflect the court's intent.

Given the court's clear intent that the "counseling/educational program" specified in condition No. 2 be a "drug/alcohol course," we modify condition No. 2 to reflect that intent.  (See *Lopez*, *supra*, 66 Cal.App.4th at p. 629.)  Accordingly, condition No. 2 is modified to read:  "Defendant shall participate in a drug/alcohol course as directed by the probation officer, and he shall not terminate his participation without the mutual consent of the probation officer and the program director."  In all other respects the judgment is affirmed.

## DISPOSITION

Condition No. 2 of Espinoza's probation, as set forth in the trial court's minutes dated September 15, 2015, is modified to read:  "Defendant shall participate in a drug/alcohol course as directed by the probation officer, and he shall not terminate his participation without the mutual consent of the probation officer and the program director."

10

In all other respects the judgment is affirmed.  We remand the matter to the trial court with directions to correct the probation order to reflect this modification and to forward a corrected abstract of judgment to local custody officials and the Department of Corrections and Rehabilitation, as necessary.


                                                                        NARES, J.

WE CONCUR:


        HUFFMAN, Acting P. J.


        HALLER, J.

11