Filed 9/23/20  P. v. Wilson CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT KALEOALOHA WILSON,<br><br>    Defendant and Appellant. | A158078<br><br>(Napa County Super. Ct. No. CR184364) |

In June 2019, a jury convicted Appellant Robert Kaleoaloha Wilson (Appellant) of possession of ammunition by a prohibited person (Pen. Code, § 30305, subd. (a)).[1]  In August, the trial court suspended imposition of sentence and placed Appellant on three years of formal probation on the condition that he serve 60 days in jail.  The court also imposed various fines, fees, and other probation conditions.

On appeal, Appellant contends three probation conditions are improper.  First, probation condition 17 requires Appellant to "Enroll in and successfully complete the Community Corrections Service Center program if required by the Probation Officer.  Your Probation Officer has the discretion to release you from jail to participate in the program, and also can return you

---

[1] The underlying facts are not relevant to the issues on appeal.

to jail to serve any or all of the remainder of your term. If you successfully complete the program you will not have [to] serve the remainder of your term." Second, probation condition 18 states, "If ordered to participate in the Community Corrections Service Center program, as part of the program requirement, you must submit to chemical testing and not use, consume or possess any non-prescribed or illegal substances, including medical marijuana, unless specifically authorized by the court." Third, probation condition 22 requires Appellant to "[e]nroll in, pay for, and successfully complete an outpatient treatment program or a residential treatment program if required and as chosen by the Probation Officer. Abide by all the rules and obligations of the program. Do not leave the program without the permission of the Probation Officer."

Appellant contends, and respondent concedes, that probation conditions 17 and 22 improperly delegate judicial authority to the probation department to determine *whether* Appellant is required to participate in the Community Corrections Service Center program and/or a treatment program as conditions of probation. We agree. (See *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1359 ["It is for the court to determine the nature of the prohibition placed on a defendant as a condition of probation . . . ."]; *People v. Cervantes* (1984) 154 Cal.App.3d 353, 358 [improper to delegate to probation officer "propriety, amount, and manner of payment of restitution"]; cf. *People v. Penoli* (1996) 46 Cal.App.4th 298, 308 [not an unlawful delegation of judicial authority for the trial court to leave the selection of a "particular program" to probation officer].) We also agree with the parties that probation condition 18 must be stricken if condition 17 is stricken, because condition 18 presupposes imposition of the Community Corrections Service Center program requirement.

Respondent suggests "remand is . . . required for the trial court to reconsider the challenged probation conditions." Appellant argues probation conditions 17 and 18 must be stricken with no remand for reconsideration because the Community Corrections Service Center program was an alternative to his jail sentence and he has already served the 60-day jail sentence imposed in August 2019. He argues probation condition 22 should be stricken with no remand for reconsideration as well, because much of his probation term will have been completed by the time of a decision on appeal. In the alternative, he argues the three probation conditions should be stricken as part of any remand for reconsideration.

We will strike all three probation conditions and remand for reconsideration. (See *People v. Cervantes, supra,* 154 Cal.App.3d at p. 361 ["set[ing] aside" improper probation condition regarding restitution and remanding to trial court for exercise of discretion]; *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1129 [affirming court of appeal decision "striking" improper juvenile probation condition].) On remand, the trial court should not impose any condition relating to the Community Corrections Service Center program as an alternative to jail if Appellant has already completed his jail sentence. The trial court should exercise its discretion regarding whether to require treatment as a condition of probation.

## DISPOSITION

Probation conditions 17, 18, and 22 are stricken from the trial court's judgment, and the matter is remanded for reconsideration as directed in this decision.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A158078)