Filed 1/9/23  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C096216 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR000736) |
| v. | |
| ALBERT M. HERNANDEZ, | |
| Defendant and Appellant. | |

Defendant Albert M. Hernandez pled guilty to inflicting corporal injury on a spouse.  Defendant challenges the probation condition requiring him to "obey all rules, regulations and directives set out by the probation officer to govern the conduct of the defendant" as an improper delegation of judicial authority and unconstitutionally vague.  We shall modify the probation condition and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

When sheriff deputies discovered defendant's wife at a gas station near her house, she told them she fled her home to escape defendant, who had been drinking and accused her of infidelity.  During the physical confrontation following defendant's accusations,

1

defendant grabbed the victim by her neck, punched her in the mouth, and hurt her hand. The victim presented injuries consistent with her statements.

Defendant was charged with inflicting corporal injury on a spouse. (Pen. Code, § 273.5, subd. (a).)

Defendant pled guilty in exchange for a promise the trial court would grant him probation for three years. In accordance with the plea agreement, the trial court granted defendant probation for three years on various conditions, including that he obey all laws, attend a batterer's treatment program, refrain from using or possessing alcohol, any unlawful substance or controlled drug, submit to drug and/or alcohol detection tests, and seek and maintain employment.

At sentencing, defendant objected to the further condition requiring him to "obey all rules, regulations and directives set out by the probation officer to govern [his] conduct." He argued this condition was unconstitutionally overbroad and vague because it left discretion to the probation department to impose any regulation it saw fit. The trial court overruled defendant's objection stating: "[T]he Court believes that the request to abide by the rules of probation at this point is not inappropriate. In other words, the defendant is agreeing to probation, the rehabilitative terms. And as far as rules, there are going to be some along the way, what time to show up, all kinds of things. They won't necessarily be written down. And, for that reason, I don't find it is inappropriate and [do] find it is just a standard term of probation to follow Probation's rules."

Defendant timely appealed.

## DISCUSSION

Defendant argues the probation condition that he "obey all rules, regulations and directives set out by the probation officer to govern [his] conduct" is an improper delegation of judicial authority to the probation officer and is unconstitutionally vague. We agree the condition is vague and will modify it. In his opening brief, defendant also

2

included a reference this provision was overbroad, but acknowledged this was an error and withdrew the overbreadth argument. Thus, this argument is not properly before us.

We turn to defendant's challenge the condition is an improper delegation of judicial authority or impermissibly vague. "A sentencing court has broad discretion to fashion appropriate conditions of probation that facilitate rehabilitation and foster public safety." (*People v. Cruz Cruz* (2020) 54 Cal.App.5th 707, 711.) "We review the conditions imposed for abuse of discretion." (*Ibid.*) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted.)

In *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240-1241, the appellate court concluded the probation condition the defendant " '[f]ollow such course of conduct as the probation officer may prescribe' " was valid. The appellate court noted under Penal Code sections 1202.8 and 1203, "the court sets conditions of probation and the probation officer supervises compliance with the conditions." (*Kwizera*, at p. 1240.) Thus, a trial court has the power and responsibility to impose conditions (such as drug testing, requiring treatment programs, or maintaining employment), and in order to supervise compliance with those conditions, the probation department has authority to set the requirements that allow the probation department to enforce these conditions. (*Ibid.*) In *Kwizera*, the appellate court held the challenged condition was "reasonable and necessary to enable the department to supervise compliance with the specific conditions of probation. It does no more." (*Ibid.*) Further, because the trial court lacks power to impose unreasonable probation conditions, it could not authorize a probation officer to do

3

so through the challenged condition. (*Ibid.*) Indeed, we presume the probation officer will not act arbitrarily and capriciously in executing the conditions imposed by the trial court. (*People v. Stapleton* (2017) 9 Cal.App.5th 989, 996.)

We start by analyzing the challenged condition defendant shall "obey all . . . directives set out by the probation officer."[1] We find the reasoning in *Kwizera* persuasive. Here, in addition to the challenged probation condition, the trial court ordered defendant to attend a batterer's treatment program, refrain from using alcohol or illegal drugs, and submit to tests to verify compliance with these conditions. The challenged condition only empowers the probation department to set the requirements that will allow them to enforce the conditions of probation actually imposed by the trial court—and nothing more. As we read this condition, it does not and cannot serve as the basis for the probation officer to add new or different conditions or modify the existing conditions.

Defendant's reliance on *People v. Cervantes* (1984) 154 Cal.App.3d 353 is misplaced. There, the trial court improperly imposed a condition the defendant " 'pay restitution in an amount and manner to be determined by the Probation Officer.' " (*Id.* at p. 356.) The appellate court agreed the trial court impermissibly delegated away its authority to set restitution to the probation department. (*Id.* at pp. 356-357, 358.) But here, the challenged condition did not delegate any court authority. It simply empowered probation to supervise and enforce the substantive conditions imposed by the trial court.

Defendant's citation to *In re Pedro Q.* (1989) 209 Cal.App.3d 1368 also does not support his argument. There, the probation officer unilaterally added a new term to the probation conditions imposed by the trial court and restricted defendant's ability to travel. (*Id.* at p. 1371.) The appellate court concluded defendant's violation of this new

---

[1] We recognize the condition also requires defendant to follow "rules" and "regulations" set out by the probation department. We will address this part of the condition, *post.*

4

condition did not support a probation violation because it was unilaterally imposed by the probation department in excess of its powers and not by the trial court. (*Id.* at pp. 1371-1372.)  Here, the trial court's requirement that defendant obey the probation department's directives cannot implicitly or explicitly add a new term or condition to the probation order. (*People v. Kwizera, supra*, 78 Cal.App.4th at pp. 1240-1241.)

Next, we turn to defendant's contention this condition is unconstitutionally vague. As our Supreme Court has explained, "the underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.  (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7.)' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required . . . and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid*.)  We give probation conditions " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.)

While we do not believe this condition authorizes the probation department to create new terms and conditions of probation, we have reservations about the court's use of the words "rules" and "regulations" to the extent those terms suggest the probation department could impose compliance with unrelated rules or regulations, or allow the department to create its own set of rules or regulations for probationers.  From this vantage, we are persuaded this part of the condition is vague.

As noted *ante*, the challenged condition can only direct defendant to follow the probation officer's directives to enable the probation officer to supervise compliance with the specific conditions imposed by the trial court.

In *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1352, the appellate court concluded a probation condition did not sufficiently provide the defendant with advance knowledge of what was required of him. As a result, the appellate court modified the condition to provide clear notice to defendant. (*Id.* at p. 1353.) Similarly in *People v. Freitas* (2009) 179 Cal.App.4th 747, 752, the appellate court modified the probation conditions to require that the defendant "not knowingly" possess prohibited items.

Here, in light of our concern and defendant's request we strike or modify this condition, we shall modify this condition to make clear the probation officer may only issue instructions or directives concerning the existing conditions of probation. This condition is therefore modified to state, defendant "shall obey all instructions and directives set out by the probation officer to govern the conduct of the defendant as to the express conditions of probation imposed by the court."

## DISPOSITION

The probation condition is modified to read: "The defendant is placed under the supervision of the probation officer and shall obey all instructions and directives set out by the probation officer to govern the conduct of the defendant as to the express conditions of probation imposed by the court." As modified, the judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

6