Filed 11/5/24  P. v. Ropele CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081852 |
| v. | (Super.Ct.No. RIF2000780) |
| ANDREW HARRISON ROPELE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy J. Hollenhorst, Judge.  Affirmed with directions.

Stephanie A. Lickel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

1

After pleading guilty to vandalism and assault with a deadly weapon, Andrew Harrison Ropele was placed on probation subject to various terms and conditions, including that he "[p]articipate and complete at [his] expense any counseling, rehabilitation/treatment, program deemed appropriate by [his] probation officer." On appeal, Ropele argues that the condition is unconstitutionally vague and overbroad and impermissibly delegates judicial authority to his probation officer. We agree that the condition is an improper delegation of authority. We therefore direct the trial court either to modify the probation condition or to strike it completely, and we otherwise affirm the judgment.

BACKGROUND

According to testimony at Ropele's preliminary hearing in March 2022, he and T.U. dated "[o]n and off" for four years before their relationship ended in 2018. Ropele had been physically violent with T.U. about five times in the past.

In December 2019, two of T.U.'s friends were dropping her off at home after a late night out. As they arrived, T.U. saw Ropele parked in his car outside. She got out of her friend's car and went to her front door, and Ropele followed her. One of T.U.'s friend's, S.S., got out of the car to talk to Ropele. Ropele was aggressive with S.S., and T.U. decided to get back into the car. S.S. got back into the car too and told the driver to "go." As they pulled away, T.U. heard a window break at her house. She turned around and saw Ropele walking from her house toward his car. The driver stopped the car, and T.U. called the police.

2

Ropele turned his car around and blocked T.U. and her friends before they could reach the main road. Ropele got out of his car and approached them, yelling and motioning with his hands. They went around Ropele and headed for the freeway. T.U. was on the phone with the police, and she noticed Ropele's car following closely behind them. Ropele moved in closer and hit their car. They were driving at or above the speed limit but could not get away. Ropele hit their car several times, and when they were on the freeway, Ropele drove around a semi-truck and cement barricades to hit their car from the side, causing them to "fishtail" before regaining control.

A highway patrol officer eventually saw Ropele following the other car "bumper-to-bumper" and stopped both cars. The officer interviewed Ropele, T.U., and her friends, and S.S. told the officer that "he felt like [Ropele] was trying to kill them."

In February 2023, Ropele pled guilty to three counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and one count of misdemeanor vandalism (Pen. Code, § 594, subd. (a)). As a factual basis for his plea, he stipulated that he "willfully and unlawfully commit[ed] an assault upon three different people using a vehicle."

In June 2023, the trial court suspended imposition of Ropele's sentence and placed him on 36 months of formal probation upon various terms and conditions, including that he "not knowingly use or possess any controlled substances, unless legally prescribed"; "[e]nroll in a Probation approved 52-week Domestic Violence Program"; and "[p]articipate and complete at [his] expense any counseling, rehabilitation/treatment, program deemed appropriate by [his] probation officer; and authorize release of information relative to progress" (the "counseling condition").

3

At the sentencing hearing, the trial court asked Ropele whether he understood the terms and conditions of his probation.  Ropele confirmed that he had reviewed and understood the terms and conditions, and he then accepted them.  Both Ropele and defense counsel signed a sentencing memorandum that included the terms and conditions of his probation.

## DISCUSSION

Ropele argues that the counseling condition impermissibly delegates judicial authority because it gives the probation officer unlimited discretion to choose both the type and the amount of counseling or treatment that Ropele will be required to complete.[1]  We agree.

Article III, section 3 of the California Constitution states that "[t]he powers of state government are legislative, executive, and judicial.  Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."  Penal Code section 1203.1 "gives trial courts broad discretion to impose probation conditions to foster rehabilitation and to protect public safety.  [Citation.]" (*People v. Anderson* (2010) 50 Cal.4th 19, 26.)  But "no statutory provision sanction[s] a delegation of unlimited discretion to a probation officer" to implement or interpret probationary terms.  (*People v. Cervantes* (1984) 154 Cal.App.3d 353, 358.)  "[T]hese

---

[1]    The People contend that Ropele forfeited this challenge by failing to raise it in the trial court.  Ropele's arguments are not forfeited, because it is a facial challenge that "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts." (*In re Sheena K*. (2007) 40 Cal.4th 875, 885.)

determinations are essentially judicial functions." (*Ibid*.) "While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer. [Citations.]" (*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).)

Ropele's counseling condition does not identify the type of treatment that Ropele is required to complete, and it instead delegates to Ropele's probation officer unlimited discretion to determine and implement both the type of treatment and the amount of treatment appropriate for Ropele's rehabilitation, not simply the details of treatment. The trial court's imposition of the counseling condition is therefore an improper delegation of authority.

The People rely on *Smith*, arguing that the trial court's imposition of the counseling condition was not improper. In *Smith*, the probation condition at issue required the defendant to "'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer.'" (*Smith*, *supra*, 79 Cal.App.5th at p. 902.) The People contend that the probation condition at issue in *Smith* is essentially the same as the counseling condition in this case "with one exception: it allowed the probation officer to decide whether the defendant would complete a residential or outpatient program." The People argue that because *Smith* otherwise upheld the probation condition after reversing "the authorization for the probation officer to determine whether residential treatment [was] required," we should likewise uphold Ropele's counseling condition as a proper delegation of authority. (*Id*. at p. 903.)

5

The People's argument misinterprets *Smith*, and the case actually supports Ropele. In *Smith*, the defendant argued that the requirement that he "'participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer'" was vague, overbroad, and an improper delegation of authority. (*Smith*, *supra*, 79 Cal.App.5th at p. 902.) The Court of Appeal concluded that when interpreted in the context of other conditions of the defendant's probation, the challenged condition required only "treatment for substance abuse" and left "the probation officer to oversee the details" of that treatment. (*Id*. at p. 903.) So interpreted, the condition was not unconstitutionally vague or overbroad. (*Ibid*.) But the court further concluded that, even as narrowly interpreted to require only substance abuse treatment, the condition violated the separation of powers doctrine because it delegated to the probation officer the discretion to decide whether the defendant must attend a residential program, as opposed to an outpatient program. (*Ibid*.)

Ropele's counseling condition delegates far more authority to the probation officer than the unconstitutional condition in *Smith*. Under the counseling condition, the probation officer could require Ropele to complete any type or amount of treatment, including residential or outpatient treatment for substance abuse or for anything else. The People do not propose any way of saving the counseling condition by narrowly interpreting it in light of other conditions, and we are aware of none. *Smith* therefore compels the conclusion that the counseling condition constitutes an unconstitutional delegation of authority.

6

DISPOSITION

The trial court is directed to modify the counseling condition by either specifically identifying the type of treatment program(s) or striking the condition altogether.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

7